UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOWARD CHALFIN,

                          Plaintiff,

          -v-                                          CIVIL ACTION NO.: 25 Civ. 917 (AT) (SLC)

                                                       **ORDER**
TAURUS TECHNOLOGIES ELECTRIC, INC., et al.,

                          Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

The Court is in receipt of pro se Plaintiff Howard Chalfin's ("Mr. Chalfin") letter requesting (1) permission to serve Defendants Stefan and Marta Magnusson (together, "the Magnussons") by alternative means and (2) "temporary injunctive relief prohibiting the Magnussons and their affiliated entities from soliciting or accepting funds from U.S.-based individuals or institutions while refusing to participate in the legal process in U.S. courts." (ECF No. 15 (the "Letter") at 1). For the reasons set forth below, Mr. Chalfin's request for permission to serve by alternative means is GRANTED, and his request for temporary injunctive relief is DENIED.

## II. ALTERNATIVE SERVICE

On March 31, 2025, the Court directed the Clerk to issue summonses for Mr. Chalfin to serve on Defendants Taurus Technologies Electric, Inc. ("Taurus") and the Magnussons within 90 days. (ECF No. 12 (the "Mar. 31 Order")). The Mar. 31 Order advised Mr. Chalfin that, because the Magnussons are residents of Mexico, he would be required to abide by Federal Rule of Civil

Procedure 4(f)—which relates to service of individuals in foreign countries—when serving them. (<u>Id.</u> at 2, n.2).

In his Letter, Mr. Chalfin states that the Magnussons are "actively evading service" and therefore requests permission to serve them using their last known email addresses. (ECF No. 15 at 2). He further states that, in an effort to serve Taurus and the Magnussons, he contacted Attorney Marc Whipple, who formerly represented Taurus. (<u>See</u> ECF No. 15 at 2, 5–8). Mr. Whipple remains an agent of Taurus and therefore accepted service on the company's behalf but did not have authority to accept on behalf of the Magnussons. (<u>Id.</u> at 7). Mr. Whipple, however, stated that he would forward to the Magnussons any documents related to service of Taurus. (<u>Id.</u>)

### A. <u>Legal Standard</u>

Rule 4(f)(3) allows service on an individual in a foreign country and "not within any judicial district of the United States" "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). "Service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." <u>KPN B.V. v. Corcyra D.O.O.</u>, No. 08 Civ. 1549 (JGK), 2009 WL 690119, at *1 (S.D.N.Y. Mar. 16, 2009). Indeed, the Court has "wide discretion in ordering service of process under Rule 4(f)(3)." <u>Payne v. McGettigan's Mgmt. Servs. LLC</u>, No. 19 Civ. 1517 (DLC), 2019 WL 6647804, at *1 (S.D.N.Y. Nov. 19, 2019) (quoting Fed. R. Civ. P. 4(f)(3)).

Under Rule 4(f)(3), the first inquiry is whether the requested service is prohibited by international agreement, such as the Hague Convention. Fed. R. Civ. P. 4(f)(3). "In absence of any international agreement to the contrary, the issue is . . . whether service . . . would comport

with constitutional due process." <u>United States v. Lebanese Canadian Bank SAL</u>, 285 F.R.D. 262, 266 (S.D.N.Y. 2012). Service satisfies due process when the "notice [is] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." <u>Luessenhop v. Clinton Cnty., New York</u>, 466 F.3d 259, 269 (2d Cir. 2006).

**B. <u>Application</u>**

Here, Mr. Chalfin's proposed means of service—email—does not violate international agreements. <u>See Kelly Toys Holdings, LLC v. Top Dep't Store</u>, No. 22 Civ. 558 (PAE), 2022 WL 3701216, at *8–10 (S.D.N.Y. Aug. 26, 2022) (approving service via defendant's email address); <u>Live Brands Holdings, LLC v. Gastronomico a Gracias a Dios</u>, No. 20 Civ. 1213 (JPC), 2021 WL 6064202, at *1 (S.D.N.Y. Dec. 21, 2021) (finding email service appropriate and not barred by the Hague Convention despite Mexico's objection to certain provisions of the treaty).

We also find that email service satisfies due process and "under [ ] the circumstances" is likely to "apprise [the Magnussons] of the pendency of the action and afford them an opportunity to present their objections." <u>See Luessenhop</u>, 466 F.3d at 269. This is particularly true where Mr. Whipple, with whom the Magnussons have or had a preexisting professional relationship, may have already attempted to contact them regarding service of Taurus. <u>Live Brand Holdings</u>, 2021 WL 6064202, at *1 (allowing email service and noting that "the record suggests that Defendants are already aware of this action").

Accordingly, Mr. Chalfins' request for permission to serve the Magnussons by alternative means is GRANTED.

### III. TEMPORARY INJUNCTIVE RELIEF

We now turn to Mr. Chalfin's request for temporary injunctive relief.  As explained below, we find that he has not satisfied the standard to obtain such relief.

#### A.  Legal Standard

To obtain a temporary restraining order and/or preliminary injunction, a party must demonstrate "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair grounds for litigation and a balance of hardships tipping decidedly in the movant's favor." MyWebGrocer, L.L.C. v. Hometown Info., Inc., 375 F.3d 190, 192 (2d Cir. 2004). "Such relief, however, 'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'"  Moore v. Consol. Edison Co. of New York, 409 F.3d 506, 510 (2d Cir. 2005) (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)).  District courts lack jurisdiction to order relief where a motion for a temporary restraining order and/or preliminary injunction "presents issues which are entirely different from those which were alleged in [the] original complaint."  Stewart v. INS, 762 F.2d 193, 199 (2d Cir. 1985); see also Bonie v. Annucci, No. 20 Civ. 640 (KMK), 2020 WL 2489063, at *3 (S.D.N.Y. May 14, 2020) ("A preliminary injunction or a TRO is not proper where the motion . . . presents issues that are different from those named and alleged in the complaint.").

#### B.  Application

Here, Mr. Chalfin asserts, unsworn and unsupported by any documentation, that the Magnussons "recently accepted $25,000 from a personal acquaintance" and "diverted [those funds] for personal use."  (ECF No. 15 at 3).  He therefore believes that Defendants' "ongoing

attempts to solicit funds from U.S. investors while ignoring the jurisdiction of U.S. courts poses a serious risk to the investing public" and requests an order prohibiting Defendants "from soliciting or raising funds in the United States unless and until they appear in this matter[.]"  (ECF No. 15 at 2–3).

The Court concludes that Mr. Chalfin seeks injunctive relief to use as a cudgel to inspire Defendants' appearance, not to protect his rights or interests as it relates to the substance of his claims, which center on a contractual or quasi-contractual dispute between the parties.  (See ECF No. 11).  As a result, we conclude that Mr. Chalfin's request "presents issues that are different from those . . . alleged in the complaint" and find that Mr. Chalfin is not entitled to temporary injunctive relief.  See Bonie, 2020 WL 2489063, at *1.  Even to the extent the request for injunctive relief and Mr. Chalfin's claims are tangentially related, we find that Mr. Chalfin has not identified any irreparable harm "that cannot be remedied if [the Court] waits until the end of trial to resolve the harm."  See Grand River Enters. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007).

Accordingly, we find that Mr. Chalfin has not shown that he is entitled to preliminary injunctive relief, and his request is DENIED.

### IV. CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Mr. Chalfin's request for permission to serve the Magnussons by alternative means is GRANTED, and Mr. Chalfin is authorized to serve the summonses and Amended Complaint on the Magnussons through their last known email addresses.  By **Friday, May 16, 2025,** Mr. Chalfin shall file proof of service on the docket.

2. Mr. Chalfin's request for temporary injunctive relief is DENIED.

The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Chalfin.

Dated:     New York, New York
           May 1, 2025

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**