USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: _9/1/2026____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Howard Chalfin,

Plaintiff,

-against-

Taurus Technologies Electric, Inc., Stefan Magnusson, Marta Magnusson,

Defendants.

25 Civ. 917 (AT) (SLC)

**ORDER ADOPTING REPORT & RECOMMENDATION**

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Howard Chalfin, brings this action against Defendants, Taurus Technologies Electric, Inc., Stefan Magnusson, and Marta Magnusson, asserting causes of action for fraudulent inducement, promissory estoppel, tortious interference, and quantum meruit. *See generally* Second Am. Compl. ("SAC"), ECF No. 39. Defendants move to dismiss the SAC, arguing that this Court lacks personal jurisdiction over Defendants and that Chalfin's claims fail on the merits. *See* Mot., ECF No. 44; Mem., ECF No. 44-1. On March 4, 2026, pursuant to an order of reference, the Honorable Sarah L. Cave issued a report and recommendation (the "R&R"), recommending that the SAC be dismissed without prejudice for lack of personal jurisdiction, or, in the alternative, that all claims be dismissed with leave to amend, except for Chalfin's quantum meruit claim. *See* R&R at 30, ECF No. 50; ECF No. 46 (order of reference). Chalfin filed timely objections to the R&R. *See* Objs., ECF No. 51.

## I. Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

"In order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025) (quoting *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017)). Additionally, an objection "generally may not raise new arguments not previously made before the magistrate judge." *Id.* at 359. When a party properly objects to an R&R, the district court reviews *de novo* those objections. *Id.* at 361.

A *pro se* party is "generally accorded leniency," and their submissions are "construed to

'raise the strongest arguments they suggest.'" *Lanier v. Capra*, No. 21 Civ. 9307, 2023 WL 6795441, at *3 (S.D.N.Y. Oct. 13, 2023) (quoting *Milano v. Astrue*, No. 05 Civ. 6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate [judge's] proposal." *Pinkney v. Progressive Home Health Serv.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks and citation omitted).

## II. Discussion

Chalfin objects to Judge Cave's conclusion that this Court may not exercise personal jurisdiction over Defendants, claiming that "the [R&R] overlooks key allegations and evidence showing that [D]efendants conducted fundraising and business development activities through a New York-based intermediary, Gib Denham, whom [D]efendants directed Plaintiff . . . to work through." Objs. at 1; *see* R&R at 12–18. According to Chalfin, Denham, "who resided and worked in New York," "acted as [D]efendants' intermediary for U.S-based investor relations," and, therefore, this Court may exercise personal jurisdiction over Defendants. Objs. at 1.[1]

This argument was not properly raised before Judge Cave, and, therefore, the Court will not consider it. The SAC does not mention Denham, nor does Chalfin's opposition brief. *See* SAC; Opp. Mem at 1–5, ECF No. 45. In a declaration attached to his opposition, Chalfin states briefly that "[a]t the Magnussons' request," he "coordinated efforts with [Defendants'] third-party fundraiser, Gib Denham, who resides and works in New York" but, even construed liberally, that vague statement does not raise an argument concerning personal jurisdiction. ECF No. 45 at 6.

At minimum, Chalfin would need to have argued before—or at least suggested to—Judge Cave that Denham's actions in New York, and his business relationship with Defendants, showed that Defendants "purposefully avail[ed] [themselves] of the privilege of conducting activities within New York," *Hill v. HSBC Bank plc.*, 207 F. Supp. 3d 333, 338 (S.D.N.Y. 2016) (citation omitted), or that this action arises from Defendants' decision to "project" themselves into New York "to engage in a 'sustained and substantial transaction of business,'" *Fischbarg v. Doucet*, 9 N.Y.3d 375, 380–83 (2007) (quoting *Parke-Bernet Galleries, Inc. v. Franklin*, 26 N.Y.2d 13, 18 (1970)). But that argument was not presented to Judge Cave. The Court, therefore, reviews the R&R for clear error on its conclusion that the Court lacks specific personal jurisdiction over Defendants, and finds none. *See, e.g.*, *Brown v. Cathey*, No. 24 Civ. 1154, 2026 WL 636848, *2 (S.D.N.Y. Mar. 6, 2026) (noting that even with a *pro se* plaintiff, new arguments may not properly be raised for the first time in objections to the R&R).

Because Chalfin does not raise a specific objection to any other conclusion in the R&R, the Court reviews the rest of the R&R for clear error and finds none.

[1] The Court does not construe this objection to refer to Judge Cave's holdings concerning general personal jurisdiction, R&R at 12–15, or specific personal jurisdiction under N.Y. C.P.L.R. § 302(a)(3), *id.* at 16–18. Accordingly, it reviews those portions of the R&R for clear error.

## III. Conclusion

Accordingly, the Court ADOPTS Judge Cave's R&R in full and GRANTS Defendants' motion to dismiss. The complaint is DISMISSED without prejudice for lack of personal jurisdiction.

Given that Chalfin's opposition raises new arguments—and presents new evidence—that was not properly before Judge Cave, the Court cannot conclude on this record that Chalfin could never establish personal jurisdiction. Therefore, Chalfin may file a motion to amend his complaint to address the deficiencies identified in the R&R. Any motion for leave to amend must be filed by **September 30, 2026,** and be accompanied by (1) a proposed amended complaint with a redline or description of the changes from the original to the proposed amended complaint and (2) a memorandum of law with relevant exhibits sufficient to make a prima facie showing of personal jurisdiction over each Defendant. Should Chalfin continue to pursue his claims for fraudulent inducement, promissory estoppel, and tortious interference in his proposed amended complaint, his proposed amended complaint shall remedy the deficiencies identified in the R&R with respect to those claims. *See* R&R at 20–24, 27–30.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 44 and mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: September 1, 2026
New York, New York

ANALISA TORRES
United States District Judge